SLATTERY v. NOBLE et al.

(Supreme Court, Appellate Term.    November 10, 1905.)

PLEADING—AMENDMENT—LEAVE TO RENEW MOTION.

    Leave to renew motion on perfected papers to amend answer should be granted, where the original motion papers to amend were defective, in that defendant's affidavit to facts within his knowledge was not submitted, so that appeal from the order denying the motion to amend would have been unavailing.

Appeal from City Court of New York, Special Term.

Action by John N. Slattery against James Noble and another. From an order denying defendants' motion for leave to renew a motion to amend the answer, and, on leave being given, to amend the answer, they appeal. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

Carlton B. Pierce, for appellants.
Phillips & Samuels, for respondent.

SCOTT, P. J. Defendants moved to amend their answer. The motion was denied, no memorandum of reasons being handed down by

the justice. An order was entered, and an application made to resettle it, so as to insert leave to renew the motion. The justice refused to resettle the order, and by inadvertence the papers were left lying upon the desk of the justice. A few days later, apparently forgetting that he had acted upon the motion, the justice handed down a decision granting the motion upon terms. No order was entered thereon, but the defendants formally moved, upon affidavits, for leave to renew their motion. From the order denying this motion, this appeal is taken.

In my opinion the justice should have granted leave to renew. The motion to be allowed to amend was not without merit, as is evidenced by the fact that the justice himself, upon the second consideration thereof, held that it should be granted. The motion papers were defective upon the first motion because the attorney had neglected to submit his client's affidavit as to the facts within his knowledge. An appeal from the order denying the motion to amend would therefore have been unavailing, and upon the application to resettle the order only the papers upon which it was made could properly be considered. It seems to me that a formal motion for leave to renew upon perfected papers was the only course left open to the defendants, and was in accord with orderly practice. If justice would be promoted by permitting the answer to be amended, the defendants should not be precluded from applying for leave to amend by reason of the inadvertence of their attorney in making the motion. The unnecessary trouble which was thereby given to the plaintiff could be compensated for by the imposition of proper terms. In so far as the order appealed from denies the motion for leave to renew, it should, in my opinion, be reversed, without costs, thereby leaving the motion to amend to be heard by the court below.

We do not desire to be understood as passing upon the question whether the proposed amended answer should be permitted to be served or not. That is a question, in the first instance, for the court below. We go no further at present than to hold that leave to renew should have been granted.

Order reversed, without costs, and motion granted, in so far as it asks leave to renew, in the court below, the motion to amend the answer. All concur.